IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLSIE AMANDA BOLTON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-08-0028 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Charlsie Amanda Bolton, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging her conviction. Respondent filed a motion for summary judgment (Docket Entry No. 12), to which petitioner responded (Docket Entry No. 21).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background*

Petitioner was convicted of murder in the 239th District Court of Brazoria County, Texas, and sentenced to forty years incarceration on March 10, 2003. The conviction was affirmed on direct appeal. *Bolton v. State*, No. 01-03-00362-CR (Tex. App. – Houston [1st Dist.] 2004, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused discretionary review on December 8, 2004, and denied petitioner's

application for state habeas relief without a written order on the findings of the trial court without a hearing on January 24, 2007. *Ex parte Bolton*, Application No. 66,522-01, at cover.

Petitioner filed the instant petition on January 22, 2008, raising thirty grounds for federal habeas relief. Respondent seeks summary judgment dismissal of the petition as barred by limitations.

*Analysis*

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

    (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Because petitioner challenges her state court conviction, limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(d). Respondent asserts, and the record shows, that the Texas Court of Criminal Appeals refused discretionary review on December 8, 2004, and that petitioner did not seek further appeal to the United States Supreme Court. Accordingly, petitioner's conviction became final for purposes of the one-year statute of limitations ninety days later on March 8, 2005, and limitations expired one years later on March 8, 2006. As petitioner did not file her application for state habeas relief until October 19, 2006, it was filed after expiration of limitations and had no tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the AEDPA statute of limitations is not tolled by a state habeas application filed after expiration of limitations). The instant petition, filed on January 22, 2008, is time-barred, absent other grounds for tolling.

In her response to the motion for summary judgment, petitioner argues that her attorney filed a motion for rehearing following the state court's denial of discretionary review, and that he informed her in October 2005 that the motion had been denied. (Docket Entry No. 21, pp. 2, 7-8.) However, no timely or properly-filed motion for rehearing appears in the record before this Court, nor does such motion appear in the public records for the Texas Court of Criminal Appeals. Petitioner further argues that counsel informed her sometime in October 2005 that she had one year to file a state habeas proceeding, and that she "timely" filed her state habeas case "in October 2006." *Id*. Even if the Court were to accept these unsupported and imprecise factual allegations, they do not establish timely filing of the instant petition, as petitioner waited nearly another year to file this federal habeas petition following denial of the state habeas proceeding. Contrary to petitioner's argument, the AEDPA limitations statute did not afford her one year to seek state habeas relief with an additional one year to seek federal habeas relief.

Petitioner provides no probative summary judgment evidence allowing application of any statutory tolling provision under section 2254(d)(1) or for equitable tolling under the facts of this case. The instant petition is barred by limitations, and respondent is entitled to summary judgment dismissal of this lawsuit on such basis.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 12) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH

PREJUDICE.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED as moot.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on August 18, 2009.

_____
Gray H. Miller
United States District Judge